### J. W. HOOPER v. J. T. ATKINSON

12 So. (2nd) 898                                         January Term, 1943
April 13, 1943                                                 Division A
Rehearing Denied May 3, 1943

*John D. Shepard,* for appellant.

*Butt & Akridge,* for appellee.

TERRELL:

J. W. Hooper sold J. J. Atkinson an automobile on terms defined in a note dated February 6, 1940, which among other things contained the following: "The title to which remains in said payee (J. W. Hooper) until this note and all further obligations are paid in full." On June 25, 1940, Hooper discounted this note at the Barnett National Bank of Cocoa where it was deposited and remained until October when it was paid by Hooper.

On October 11, 1940, Atkinson executed a renewal note to Hooper in the sum of $150.00 which represented the balance due on the original note of $300. The renewal note was also discounted at the same bank where it remained until it matured when Atkinson executed two additional renewal notes to take its place. Other renewals were executed but none of them were paid.

On the theory that the original note was overdue and unpaid in full and title still in the payee, Hooper brought an action in replevin to recover the automobile. The automobile was taken in custody by the sheriff and turned over to Hooper at the expiration of the statutory period. The case was tried on the issue made by the plea of not guilty to declaration. At the conclusion of the trial, the court directed a verdict in favor of Atkinson and Hooper appealed.

The pith of the controversy is whether or not the retain title note dated February 6, 1940, was paid in full and title released as contemplated in the quoted provision.

At the trial, several notes were put in evidence. Evidence

was also offered as to a new financing arrangement entered into between Hooper and Atkinson June 25, 1940, whereby a new note was given describing the automobile securing the note of February 6, 1940. The new note was placed in the hands of Commercial Credit Company and the proceeds used by Atkinson to finance his business. It is shown that Atkinson paid the said note but it is not shown that any of the proceeds went to the credit of the first note then in the Barnett National Bank of Cocoa where it had continuously resided.

The note of June 25, 1940, was assigned by Hooper to Commercial Credit Company for value and without recourse. It was on the basis of this assignment that the trial court took the position that Hooper parted with title to the automobile and refused to permit him to introduce any evidence to show that he did not do or that the original note was not paid in full. For the same reason, he directed a verdict for the defendant on the well settled theory that parole evidence would not be permitted to vary the terms of a written instrument.

Taken alone, the assignment to the Commercial Credit Company was misleading at the same time the record shows that the note of February 6, 1940, remained in custody of the Barnett National Bank of Cocoa and was at no time demanded by Atkinson. It is not shown that any of the proceeds of the transaction of June 25, 1940, were actually used or were intended to be used, to discharge the note of February 6. Since Atkinson's defense was that of payment, he should have concluded this question by the evidence.

In fine, the circumstances and complexities of the transaction took a rather broad and unusual besides an irregular scope and in the last analysis the issue was broader than the mere fact of whether or not the terms of a written instrument were being varied. Out of the welter of transactions, there was the clear issue of whether or not in closing the new financing agreement of June 25, 1940, the note of February 6 was contemplated and was in fact paid. If it was, that was the end of the matter. This was a jury question and evidence should have been permitted on this point.

The case appears to have been tried on a theory more restricted than the pleadings and the method in which the parties dealt with each other would warrant. The judgment appealed from is accordingly reversed for a new trial.

Reversed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.